IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LARRY CARL TODD,

    Plaintiff,

v.

TIM DEAN, Assistant District Attorney,[1]

    Defendants.

CIVIL ACTION NO.: 4:22-cv-56

# O R D E R

Plaintiff, who is currently housed at Chatham County Detention Center in Savannah, Georgia, filed a Complaint, pursuant to 42 U.S.C. § 1983 contesting certain actions taken by Defendant Tim Dean, an Assistant District Attorney in the Eastern Judicial Circuit. (Doc. 1.) For the reasons set forth below, the Court **DISMISSES** Plaintiff's Complaint based on his failure to state a claim, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

In his Complaint, Plaintiff asserts Dean took wrongful actions to seek a protective order against Plaintiff in the Chatham County Superior Court. (Id. at p. 5.) Plaintiff contends that Dean sought to prohibit Plaintiff from communicating with two of the eyewitnesses involved in a state criminal prosecution against Plaintiff. Plaintiff makes a number of far-reaching allegations

---

[1] The Court **DIRECTS** the Clerk of Court to terminate Candace Bazemores, Parole Agent, Andrew Arrons, and Robert Attridge, Jr. as defendants on the record of this case. Plaintiff did not name these individuals as defendants. Rather, he listed them as potential co-defendants. (Doc. 1, p. 19.) Moreover, when asked for the names of additional defendants, he stated "none at this time." (Id. at p. 4.) Further, even if Plaintiff had named these individuals as defendants, he has failed to state a plausible claim for relief against any of them.

regarding Dean's efforts.  (Id. at pp. 5—21.)  In essence, Plaintiff contends that Dean misrepresented the eyewitness's desire to obtain a protective order in order to prevent Dean from contacting them.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.   PROSECUTORIAL IMMUNITY BARS PLAINTIFF'S CLAIMS.**

The Supreme Court has repeatedly reiterated that Section 1983 did not abrogate the doctrine of absolute prosecutorial immunity.  See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009).  "Today, absolute prosecutorial immunity extends to 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'"  Favors-Morrell v. United States, No. CV 214-164, 2015 WL 3766853, at *3 (S.D. Ga. June 15, 2015) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)); see also Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government.").

Plaintiff's claims against Defendant Dean unquestionably pertain to his actions as an advocate for the State of Georgia and concern prosecutorial functions that are intimately associated with the judicial phase of the prosecution.  See Van de Kamp, 555 U.S. at 342 (citing Kalina v. Fletcher, 522 U.S. 118, 127, 130 (1997)).  Thus, the Court **DISMISSES** Plaintiff's claims under the doctrine of prosecutorial immunity.

**II.   PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF.**

To state a claim for relief under Section 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.  Plaintiff has failed to cite any right, privilege, or immunity secured by the Constitution or laws of the United States in his Complaint, much less

4

explain how Dean has deprived him of such. His failure to state a claim is another reason that the Court **DISMISSES** this case.

### III. THE COURT DECLINES TO HEAR PLAINTIFF'S CLAIMS UNDER THE YOUNGER ABSTENTION DOCTRINE.

Through his Complaint, Plaintiff is asking this Court to intervene in the state court's ongoing proceedings and to take measures regarding the state prosecution. (Doc. 1, p. 20.) Even if Plaintiff's claims were not barred by prosecutorial immunity, which they are, and even if he had stated a plausible claim for such relief, which he has not, the Court would abstain from entertaining his Complaint pursuant to the Younger abstention doctrine. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). While Younger involved a federal suit for injunctive relief of the ongoing state proceedings, the Eleventh Circuit has also indicated that the Younger abstention extends to cases involving Section 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405–06 (11th Cir. 1985) (requiring Younger abstention where plaintiff raised Fourth Amendment Section 1983 damages claims related to ongoing state criminal proceedings); see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (intervention in ongoing state court proceedings is not appropriate as a Section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings).

Here, all three Younger factors weigh heavily against intervention. First, Plaintiff's state indictment is apparently ongoing, and any ruling by this Court as to the propriety of Dean's actions

(not to mention Plaintiff's request that this Court order Dean removed from Plaintiff's case) would substantially interfere with the state court proceeding.  Second, the state proceeding implicates an important state interest in prosecuting criminal offenses.  Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions.  <u>Younger</u>, 401 U.S. at 45.  Moreover, Plaintiff cannot demonstrate a lack of adequate remedy in the state proceeding because he is free to raise his claims in his state criminal proceedings.  See <u>Boyd v. Georgia</u>, No. CV 112-042, 2012 WL 2862157, at *2 (S.D. Ga. May 14, 2012) *report and recommendation adopted* No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012), *aff'd*, 512 F. App'x 915 (11th Cir. 2013) (concluding that plaintiff had an adequate remedy at law with respect to constitutional claims that he could bring in his pending state criminal case).  In addition, Plaintiff's allegations provide no indication of irreparable injury, and the hardships associated with having to defend against a criminal prosecution do not establish it as a matter of law.  <u>Younger</u>, 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

For these alternative reasons, even if Plaintiff had stated a plausible claim for relief, the Court would **DISMISS** Plaintiff's claims in their entirety without prejudice.

**IV. Leave to Appeal *in Forma Pauperis***

The Court also denies Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

---

[2] A certificate of appealability is not required in this Section 1983 action.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES** Plaintiff's Complaint based on his failure to state a claim, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 6th day of June, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA